IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3096-FL-RJ

| | | |
|---|---|---|
| JONATHAN RYAN CORNISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL D. FRAZIER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions for summary judgment (DE 8), to stay filing fee (DE 9), to supplement complaint (DE 11), and for order directing that service be made by a United States Marshal (DE 14).

**COURT'S DISCUSSION**

A.  Motion to Supplement (DE 11)

The court begins with plaintiff's motion to supplement complaint, which the court construes as a motion to amend. Plaintiff seeks to amend the relief requested. Plaintiff's first motion to amend the complaint is granted as a matter of course. See Fed. R. Civ. P. 15(a)(1). Accordingly, the court will consider plaintiff's original complaint and the motion to amend (DE 11) when conducting the initial review below.

B.  Motion to Stay Filing Fee (DE 9)

The court next turns to plaintiff's motion to stay the collection of the filing fee in this case, which requests a stay until after judgment is entered. Plaintiff also seeks to have defendant pay the fee. Plaintiff is required to pay the filing fee. See 28 U.S.C. § 1915(b)(1) (requiring a prisoner to pay the full amount of a filing fee). Accordingly, the court denies the motion.

C.  Motion for Summary Judgment (DE 8) and for Order Directing Service (DE 14)

Plaintiff's motions for summary judgment and for court order directing the United States Marshal to proceed with service of a summons on defendant are denied as premature and unnecessary where the complaint is pending initial review. Should it become necessary, the court will proceed with service of process as to defendant after initial review, and there is no need to request such relief from the court.

D.  Initial Review

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light

2

most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Here, plaintiff's allegations in their entirety reads as follows: "On [May 3, 2022], I was removed from General Population. I had secured my property within my locker in my housed cell G01-007. Newly purchased and older items were lost." (Compl. (DE 1) at 4).

Federal Rule of Civil Procedure 8(a) provides that the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and which "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555. It is unclear from plaintiff's statements what actions defendant took regarding plaintiff's lost items. Plaintiff also did not identify the items he alleges were lost or the circumstances surrounding the loss. Such vague allegations are not a short and plain statement providing defendant notice of plaintiff's precise claims. See Fed. R. Civ. P. 8(a)(2); Ashcroft, 556 U.S. at 678.

The court will give plaintiff <u>one</u> opportunity to particularize his claims in an amended complaint. Plaintiff's amended complaint must be filed on the court's prescribed form for

3

prisoner civil rights complaints, must clearly identify the appropriate defendants, and shall briefly describe how the defendants violated his rights. Plaintiff's amended complaint shall not assert claims that are unrelated to the allegations in the instant complaint. Finally, the amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify any misplaced claims. Failure to comply with this order, particularly the instructions set forth in this paragraph, may result in dismissal of this action.

## CONCLUSION

Based on the foregoing, plaintiff's motion to supplement complaint (DE 11) is GRANTED. Plaintiff's motions for summary judgment (DE 8), to stay filing fee (DE 9), and for order directing that service be made by a United States Marshal (DE 14) are DENIED. Plaintiff is DIRECTED to file one amended complaint within **21 days** of entry of this order, carefully following the instructions set forth above. The clerk is DIRECTED to send plaintiff the prisoner civil rights package. In the event plaintiff fails to respond to this order, the clerk shall, without further order of the court, terminate all pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute and failure to respond to this order.

SO ORDERED, this the 29th day of August, 2023.

LOUISE W. FLANAGAN
United States District Judge